1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

TANNER MATTHEW NESS,

                          Petitioner,

    v.

DAN W. WHITE,

                          Respondent.

CASE NO. 2:23-cv-00566-BHS

ORDER ADOPTING REPORT AND
RECOMMENDATION

13    This matter is before the Court on Petitioner Tanner Ness's objections, Dkts. 18,

14  20, 21,[1] to the Honorable S. Kate Vaughan's Report and Recommendation (R&R), Dkt.

15  16. The R&R recommends that the Court deny Ness's 28 U.S.C. § 2254 petition for a

16  writ of habeas corpus, dismiss this matter with prejudice, and deny a certificate of

17  appealability.

18    "The district judge must determine de novo any part of the magistrate judge's

19  disposition that has been properly objected to. The district judge may accept, reject, or

20

21

22

---

[1] Ness's objections were "delivered and submitted on [his] behalf" by his mother, who Ness
asserts to be his "Power of Attorney." Dkt. 18 at 2. Because the record indicates that the objections are
made by Ness alone, and not a non-attorney claiming to represent Ness, the Court considers the
objections.

ORDER - 1

1   modify the recommended disposition; receive further evidence; or return the matter to the

2   magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects

3   when the party files "specific written objections" to the report and recommendation as

4   required under Federal Rule of Civil Procedure 72(b)(2).

5          "[I]n providing for a de novo determination . . . Congress intended to permit

6   whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

7   place on a magistrate's proposed findings and recommendations." *United States v.*

8   *Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly,

9   when a district court adopts a magistrate judge's recommendation, the district court is

10  required to merely "indicate[] that it reviewed the record de novo, found no merit

11  to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the]

12  report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

13  In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at

14  437.

15         Ness raises various objections to the R&R. Ness asserts that his attorney's

16  performance was constitutionally deficient because his attorney failed to argue that Ness

17  did not possess the requisite intent to commit the underlying offense of attempted rape of

18  a child in the second degree. Dkt. 20 at 2–4. He similarly contends that his attorney

19  provided ineffective assistance by encouraging Ness to plead guilty rather than pursue an

20  entrapment defense at trial. *Id.* at 4–7. Ness further asserts that his attorney failed to

21  sufficiently account for Ness's traumatic brain injury, arguing that he "lacked the

22

1   criminal capacity to be charged as an adult." *Id.* at 8. He finally asserts that he did not

2   enter his guilty plea knowingly, voluntarily, and intelligently. *Id.* at 10–11.

3          The Court has reviewed the record de novo, including Ness's objections, and

4   concludes that the R&R thoroughly and correctly explains why the Washington State

5   Court of Appeals did not unreasonably analyze Ness's ineffective assistance of counsel

6   claims. *See* Dkt. 16 at 7–14. The R&R also correctly rejects Ness's remaining grounds

7   for relief. *See id.* at 14–17.

8          In addition to the reasons expressed in R&R, the Court emphasizes that, to be

9   entitled to an entrapment defense under Washington law, a defendant must "admit acts

10  which, if proved, would constitute [a] crime." *State v. Galisia*, 63 Wn. App. 833, 837

11  (1992), *abrogated on other grounds by State v. Trujillo*, 75 Wn. App. 913, 917 (1994)).

12  Ness denies that he believed he was communicating with a minor. He instead asserts that

13  "[t]he state courts and [Judge] Vaughan insinuated an intent for sex with actual children,

14  which was not my intent nor agreed upon," and that "I sought consent from adults for

15  ddlg role-play, not consent with children." Dkt. 20 at 2. Ness contends that "[e]ngaging in

16  private, explicit conversations within a ddlg context with consenting adults isn't illegal."

17  *Id.* at 4. Accordingly, Ness fails to establish that he would have even been entitled to

18  assert an entrapment defense under Washington law.

19         Therefore, the Court, having considered the R&R, Ness's objections, and the

20  remaining record, does hereby find and order as follows:

21         (1)     The R&R is **ADOPTED**;

22         (2)     Ness's petition for a writ of habeas corpus, Dkt. 4, is **DENIED**;

1    (3)    This matter is **DISMISSED with prejudice**;

2    (4)    A certificate of appealability is **DENIED**; and

3    (5)    The Clerk shall enter a **JUDGMENT** and close the case.

4    Dated this 21st day of December, 2023.

5

6

7

8    BENJAMIN H. SETTLE
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4